Quinlan, Regina L., J.
In this action, the plaintiff Thomas R. Hogan has asserted six counts against the defendant Dennis Byrne alleging assault and battery in Count I, intentional infliction of emotional distress in Count II, the use of excessive force in Count III, negligent infliction of emotional distress in Count IV, violation of the Massachusetts Civil Rights Act in Count V and violation of the Federal Civil Rights Act, 42 U.S.C. §1983 in Count VI. The only count against the defendant Town of Sandwich (the Town) is brought pursuant to the Massachusetts Tort Claims Act, G.L.c. 258. The defendant Town now moves to dismiss Count VII on the grounds that the defendant Town is immune from suit on the plaintiffs claim that the Town failed to provide adequate police protection to the plaintiff.
ALLEGATIONS IN THE COMPLAINT
The plaintiff is a resident of the Town of Sandwich. The defendant Dennis Byrne has been at times material employed as a police officer of the Town. The plaintiff alleges that on June 17, 2009, Byrne came to his home in Sandwich. Byrne was not in uniform but the plaintiff knew him to be a Sandwich police officer. As Byrne left the plaintiffs home, the plaintiff alleges that Byrne intentionally struck him multiple times causing serious injury. The plaintiff asserts that the incident on June 17, 2009 “was the culmination of a series of incidents between Byrne and the plaintiff over a period of years, stemming from the Plaintiffs relationship with Byrne’s wife.” Complaint, ¶7. According to the complaint, the incident on June 17th was not the first. He alleges that the defendant Byrne came “repeatedly” and at times he was “in police uniform and/or on duty.” ¶7.
With respect to the Town, the plaintiff alleges that he reported several incidents between himself and Byrne to the Town and that the Town was aware of the threat Byrne posed to the plaintiff “but failed to take appropriate measures to prevent an incident of violence.” ¶11. In Count VII, the plaintiff further alleges generally that Byrne was a police officer and acting within the scope of his employment. 133. He also alleges that when plaintiff was injured, the defendant Byrne was “acting within the scope of his employment as a police officer of the Town of Sandwich.” 134. It is also alleged in 135 that prior to the incident of June 17, 2009, the Town knew or reasonably should have known that Byrne had engaged in a series of incidents involving threats or intimidation of the plaintiff and failed to prevent the plaintiffs injuries.
DISCUSSION
In Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-36 (2008), the Court modified the standard for reviewing the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6). Now a complaint must contain factual allegations sufficient “to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true.” Id. at 636, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
In Count VII, the plaintiff is seeking to recover from the Town pursuant to the Massachusetts Tort Claims Act (MTCA). Of necessity, the plaintiff must overcome the Town’s immunity particularly as affirmed in G.L.c. 258, § 10(h) which provides in pertinent part that the MTCA does not apply to:
any claim based upon the failure to establish a police department or a particular police protection *3 service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law
The plaintiff relies on Dobos v. Driscoll, 404 Mass. 634 (1989), for the proposition that the public employer will be liable and not be immune where supervisory officials of a law enforcement department were aware of prior misconduct and assaultive behavior by a law enforcement officer and failed to appropriately supervise, investigate or discipline the officer.
The plaintiffs reliance on Dobos is misplaced. The facts of that case clearly demonstrate that the officer involved, a State Trooper, had engaged in misconduct and assaultive behavior while performing his duties as a State Trooper. In this case, however, there is no indication in the complaint that on June 17, 2009 or on any other date Byrne was engaged in performing the duties of a police officer such as stopping a motorist for a traffic violation, making an arrest, or responding to an emergency call. All that is alleged is that Byrne bragged about his status as a police officer.
Status as a police office is not enough. The plaintiff equates Byrne’s status as a police officer for the Town with acting within the scope of his employment. In the complaint, the plaintiff expressly states that Byrne was not in uniform on June 17, 2009 but that the plaintiff knew he was a police officer. The plaintiff does identify the source of his problems with the defendant Byrne. In ¶ 7, the plaintiff states “[t]he incident on June 17, 2009, was the culmination of incidents between Byrne and the Plaintiff over a period of years, stemming from the Plaintiff’s relationship with Byrne’s wife.” (Emphasis supplied.) The plaintiffs relationship with Byrne’s wife has nothing to do with Byrne’s acting within the scope of his employment. The problem between the two men was personal, not official and unrelated to Byrne’s duties as a police officer.
The plaintiffs claim against the Town is not saved by a general allegations that Byrne’s supervisors knew or reasonable should have known about the problem between Byrne and the plaintiff or that assurances were made by an unidentified person on an unidentified date that some action would be taken to protect the plaintiff from harm from Byrne. The allegations are so general and vague that the plaintiffs right to relief against the Town is speculative at best.
ORDER
Based upon the foregoing, the Defendant Town of Sandwich’s Motion to Dismiss is ALLOWED.